UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTIAN MICHAEL FISHER,

                Plaintiff,

v.

CITY OF SEATTLE,

                Defendant.

Case No. C22-212-JHC-SKV

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Christian Fisher has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed Plaintiff's amended complaint, and the balance of the record, recommends that this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted.

## II.    BACKGROUND

Plaintiff submitted his original complaint to the Court for filing on February 24, 2022. *See* Dkt. 1. Plaintiff alleged therein two claims for relief. *See* Dkt. 5. In the first count of his complaint, Plaintiff alleged that his speedy trial rights were violated when King County failed to

REPORT AND RECOMMENDATION
PAGE - 1

release him "on time" and failed to apprise him of his court dates. *Id*. at 4. Plaintiff further alleged that the King County courts were never open on the days he was told he needed to be there. *Id*. In the second count of his complaint, Plaintiff alleged that he was denied adequate medical care while he was confined at the King County jail in January 2022. *Id*. at 6. More specifically, Plaintiff asserted that he was placed in a cell with the air conditioning "on blast" and his request for a medical blanket was denied by the nurse and by corrections officers. *Id*. Plaintiff also asserted that he had sores on his back, that he was denied access to a doctor for one and a half months, and that the sores subsequently became infected. *Id*. at 6-7. Plaintiff identified the City of Seattle as the only Defendant in his complaint. *Id*. at 1. Plaintiff requested damages in the amount of $5 million. *Id*. at 9.

After reviewing Plaintiff's original complaint, this Court concluded that Plaintiff had not adequately stated any viable claim for relief. The Court therefore issued an Order declining to serve Plaintiff's complaint and granting him leave to file an amended complaint. Dkt. 6. The Court noted in its Order that though Plaintiff had identified the City of Seattle as the Defendant in his complaint, he had not alleged any claims implicating the City of Seattle. *Id*. at 3. The Court further noted that Plaintiff's speedy trial claim was not properly before the Court in this action and advised that if Plaintiff wished to challenge some aspect of his ongoing state court criminal proceedings, he must present the challenge to the court in his criminal case. *Id*. at 4. Finally, the Court noted that Plaintiff had not plausibly alleged a federal constitutional violation relating to the denial of medical care at the King County Jail. *Id*.

Plaintiff was advised in the Court's Order declining to serve his original complaint that if he failed to correct the deficiencies identified therein, the Court would recommend that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which

relief may be granted. *Id*. at 5. The Court further advised Plaintiff that any amended pleading would operate as *complete* substitute for his original pleading and, thus, that any amended complaint would have to clearly identify the defendant(s), the constitutional claim(s) asserted, the specific facts which Plaintiff believed supported each claim, and the specific relief requested. *Id*.

On March 26, 2022, Plaintiff filed an amended complaint. Dkt. 7. Plaintiff asserts therein an apparently new claim for relief which he identifies as "Count I" and entitles "Non-Compliance." *Id*. at 6. Plaintiff alleges the following in support of his claim:

> I fired my lawyer 3 times, 1 in front of her boss. I also got sent to Western State Hospital on a civil . . . commit and the only lawyer I have in my file is Megan Laceys . . . number which is my lawyer for the criminal case and I called her up and she told me I wasnt (sic) even her lawyer and she denied me being her lawyer.

*Id*. Plaintiff claims that, as a result of these events, he "was abused by staff a lot (sic) and was beatin (sic) up a lot (sic) and no care for medical reasons and moved around alot (sic)." *Id*. at 7.

Plaintiff goes on to identify another count for relief in which he simply states "everything from 22-cv-212-RSL-SKV case[.]" *Id*. Plaintiff names the City of Seattle as the only Defendant in his amended complaint, and he requests damages in the amount of $5 million. *Id*. at 1, 9.

### III. DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a case if it determines that the action is frivolous or malicious or fails to state a claim upon which relief may be granted. Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be

sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691 (1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury, and must demonstrate that the municipality, through its deliberate conduct, was the "moving force" behind the injury alleged. *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403-404 (1997) (citing *Monell*, 436 U.S. at 694).

Once again, Plaintiff identifies the City of Seattle as the only Defendant in this action. As Plaintiff was advised in the Court's Order declining to serve his original complaint, if he wished to proceed against the City of Seattle, he would need to identify the custom or policy of the City of Seattle that he intended to challenge, and he would need to set forth clear and specific

facts demonstrating that the challenged city custom or policy caused him harm of federal constitutional dimension. Plaintiff's amended complaint, like his original complaint, alleges no claims implicating the City of Seattle.

The Court also notes that Plaintiff made no apparent attempt in his amended complaint to correct any of the other deficiencies identified by the Court in its Order declining to serve the original complaint. Finally, to the extent Plaintiff attempts to assert a new claim in his amended complaint that was not presented in his original complaint, he has not identified a viable Defendant, nor has he identified the federal constitutional right he believes was violated by the events described therein.

## IV.    CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's amended complaint and this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted under § 1983. The Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within

**fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 20, 2022**.

DATED this 25th day of April, 2022.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 6